## Commonwealth v. One 1938 Black Cadillac Sedan

*Harry E. Simmons*, Special Deputy Attorney General, for Commonwealth.

*Robert J. Puderbaugh*, for defendant.

PATTERSON, P. J., February 11, 1942.—This is a petition filed by the Pennsylvania Liquor Control Board praying for an "order of forfeiture" of "One 1938 Black Cadillac Sedan", under the provisions of section 611 of the Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762.

The testimony discloses that Charles H. Lantz is the owner or claimant of "One 1938 Black Cadillac Sedan" sought to be forfeited; further, that officers and others purchased beer and liquor from defendant; that upon one occasion at least, September 20, 1941, two of the officers purchased both liquor and beer from defendant at his home in Altoona. On the same date the witnesses proceeded with defendant to the place where his black Cadillac sedan was parked on the street near his premises, and there he delivered to them from a tin bread box which he kept in the rear part of his car 24 bottles of beer, for which they paid him the sum of $3. He stated he used his car for the purpose of transporting beer from the brewery to his home so that the neighbors would not see the beer truck driving up and stopping in front of his house. Later defendant entered a plea of "guilty" to illegal sales of liquor and was sentenced in the court of quarter sessions.

Defendant's main contention is that the beer was legally purchased by him from the brewery, and while he carried it in his automobile from the brewery to his house it was not illegal transportation. On the contrary the Commonwealth contended that, while the beer was legally purchased by defendant, the use of the car in transporting the beer from the brewery to his home, where he sold beer from the car while it was on the street, was a violation of the act and constituted illegal transportation and use of the vehicle contrary to section 611 of the Pennsylvania Liquor Control Act providing for condemnation and forfeiture. While it is true that it is not illegal to transport legally acquired beer from the brewery to the home or other place where a person may desire to use it, when defendant used his car as a part of the machinery and equipment to carry on and consummate his business of illegal sales of liquor or beverage, such as in this case, then the provisions of the Pennsylvania Liquor Control Act direct-

ing condemnation and forfeiture must be applied. Therefore, the petition for forfeiture is sustained.

### Decree

Now, February 11, 1942, upon petition of the Commonwealth for an order of forfeiture against one 1938 black Cadillac sedan, the same is sustained and the said 1938 black Cadillac sedan is hereby condemned and forfeited to the Commonwealth of Pennsylvania.